UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTIN WASHINGTON,

      Petitioner,

v.

      Case No. 2:24-CV-13142
      U.S. DISTRICT COURT JUDGE
      GERSHWIN A. DRAIN

JEFF TANNER,

      Respondent.

_____/

**<u>OPINION AND ORDER DENYING PETITIONER QUINTIN WASHINGTON'S PETITION FOR WRIT OF HABEAS CORPUS [#1], DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO APPEAL *IN FORMA PAUPERIS*</u>**

**I.    INTRODUCTION**

Petitioner Quintin Washington is currently incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan. On November 26, 2024, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which is presently before the Court. Washington claims a writ of habeas corpus is appropriate for the following reasons: (1) the state court lacked jurisdiction over his criminal prosecution; (2) the Michigan Court of Appeals erroneously denied his appeal because the Michigan Supreme Court's decision in *People v. Peeler*, 509 Mich. 381 (Mich. 2022) rendered his charges and conviction invalid; and (3) the state court's

failure to provide him with a preliminary examination violated his rights under the United States and Michigan constitutions. ECF No. 1. For the reasons that follow, Washington's Petition for Writ of Habeas Corpus is DENIED, and the Court declines to issue a Certificate of Appealability. Furthermore, the Court grants Washington leave to proceed *in forma pauperis* on appeal.

## II.     BACKGROUND

In 2018, Washington was convicted by a jury in Wayne County Circuit Court of assault with intent to commit murder, in violation of MICH. COMP. LAWS § 750.83; felon in possession of a firearm, in violation of MICH. COMP. LAWS § 750.224f; felon in possession of ammunition, in violation of MICH. COMP. LAWS § 750.224f(6); and three counts of possession of a firearm during the commission of a felony, second offense, in violation of MICH. COMP. LAWS § 750.227b. *People v. Washington*, No. 347440, 2020 WL 4383872, at *1 (Mich. Ct. App. July 30, 2020). His convictions arose from the non-fatal shooting of Tavion McKnight in Detroit on March 21, 2018. *Id.* The trial court sentenced Washington as a fourth-offense habitual offender to concurrent prison terms of 20 years to 20 years and one day for the assault conviction, and two to five years for each felon-in-possession conviction, to be served consecutively to a five-year term of imprisonment for one count of felony-

firearm.[1] *Id.*

Washington filed an appeal of right in the Michigan Court of Appeals, claiming: (1) the great weight of the evidence failed to prove his identity as the shooter; (2) the trial court failed to ensure that he had appropriate attire for trial; (3) the trial court failed to strike the testimony of the arresting police officer; (4) the trial court failed to *sua sponte* give a curative instruction in response to the prosecutor's improper rebuttal argument; (5) counsel rendered ineffective assistance; (6) the trial court used an incorrect sentencing guidelines range; and (7) the prosecutor did not provide notice of intent to seek a habitual-offender enhancement. *See id.* The Michigan Court of Appeals affirmed Washington's convictions but remanded his case for resentencing because the trial court used an incorrect sentencing guidelines range. *Id.* at *8. The Michigan Supreme Court denied Washington's application for leave to appeal. *People v. Washington*, 508 Mich. 952 (Mich. 2021).

On remand, the trial court resentenced Washington as a fourth-offense habitual offender to concurrent terms of 15 to 20 years for the assault conviction, and two to five years for each felon-in-possession conviction, to be served consecutively to a five-year term of imprisonment for one count of felony-firearm. *People v. Washington*, No. 362794, 2023 WL 8108953, at *1 (Mich. Ct. App. Nov.

---

[1] Although Washington was convicted of three counts of felony-firearm, the trial court vacated two counts and sentenced Washington on just one count. *See Washington*, 2020 WL 4383872, at *1, n.1.

21, 2023). Following his resentencing, Washington filed a motion to correct an invalid sentence and to vacate his convictions, which the trial court denied. *Id.* Washington then filed an appeal of right following his resentencing, but did not challenge his sentences. *Id.* Instead, relying on the Michigan Supreme Court's decision in *People v. Peeler*, 509 Mich. 381 (Mich. 2022), Washington argued that his convictions were invalid because he was indicted by a one-man grand jury and did not receive a preliminary examination before being brought to trial. *Washington*, 2023 WL 8108953, at *2. The Michigan Court of Appeals held that Washington's challenge to the validity of his convictions was beyond the scope of the remand and, therefore, not properly before the court. *Id.* The Michigan Supreme Court denied Washington's application for leave to appeal. *People v. Washington*, 3 N.W.3d 820 (Mich. 2024).

On November 26, 2024, Washington filed the Petition for Writ of Habeas Corpus that is presently before the Court. Washington claims a writ of habeas corpus is appropriate for the following reasons: (1) the state court lacked jurisdiction over his criminal prosecution; (2) the Michigan Court of Appeals erroneously denied his appeal because the Michigan Supreme Court's decision in *Peeler* rendered his charges and conviction invalid; and (3) the state court's failure to provide him with a preliminary examination violated his rights under the United States and Michigan constitutions. ECF No. 1.

4

### III.     LEGAL STANDARD

After a petition for writ of habeas corpus by a state prisoner is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A § 2254 habeas petition is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal

citations and quotation marks omitted). Ultimately, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.  ANALYSIS

Upon reviewing Washington's Petition for Writ of Habeas Corpus, the Court concludes that Washington is not entitled to habeas relief. First, Washington claims the state court lacked subject-matter jurisdiction over his criminal prosecution because he was indicted in violation of Michigan law. In so claiming, he relies on the Michigan Supreme Court's decision in *People v. Peeler*, 509 Mich. 381 (Mich. 2022). There, the court recognized that MICH. COMP. LAWS §§ 767.3 and 767.4, commonly referred to as Michigan's "one-man grand jury statutes," "authorize a judge to investigate, subpoena witnesses, and issue arrest warrants. But they do not authorize the judge to issue indictments." *Id.* at 400. The court also acknowledged that "if a criminal process begins with a one-man grand jury, the accused to entitled to a preliminary examination before being brought to trial." *Id.* Washington

6

maintains that because he was indicted by a one-man grand jury and was not given a preliminary examination, the trial court lacked subject-matter jurisdiction over his case.

"Whether a state court was 'vested with jurisdiction under state law is a function of the state courts, not the federal judiciary.'" *Mix v. MacClaren*, No. 16-cv-10909, 2021 WL 4458650, at *17 (E.D. Mich. Sept. 29, 2021) (quoting *Willis v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976)). A state court's "interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Id.* (quoting *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. Nov. 6, 2001)). As such, this Court is bound by the state court's jurisdictional determination. Thus, Washington is not entitled to habeas relief on this claim.

Second, Washington claims the Michigan Court of Appeals erroneously denied his appeal because the Michigan Supreme Court's decision in *Peeler* rendered his charges and conviction invalid. However, the Michigan Supreme Court decided *Peeler* after Washington's appeal of right following his convictions. Washington raised this *Peeler* argument for the first time during his appeal of right following his resentencing. The Michigan Court of Appeals determined that it lacked jurisdiction to entertain this argument because it was beyond the scope of remand. *Washington*, 2023 WL 8108953, at *2. As such, because this Court is bound by the state court's jurisdictional determination, Washington is not entitled to habeas relief

7

on this claim.

Lastly, Washington claims the state court's failure to provide him with a preliminary examination violated his rights under the United States Constitution and the Michigan Constitution. As the Sixth Circuit has recognized, there is no federal right to a preliminary examination in state court proceedings. *See Jenkins v. Campbell*, No. 24-1382, 2024 WL 4707816, at *1 (6th Cir. Oct. 4, 2024) (citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)). As such, the state court's failure to provide Washington with a preliminary examination did not violate his federal rights. Furthermore, in Michigan, a preliminary examination "is solely a creation of the Legislature—it is a statutory right." *People v. Johnson*, 427 Mich. 98, 103 (Mich. 1986). Thus, the state court's failure to provide Washington with a preliminary examination did not violate his rights under the Michigan Constitution. Accordingly, Washington is not entitled to relief on this claim.

For the foregoing reasons, Washington's Petition for Writ of Habeas Corpus [#1] is DENIED.

## V. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).

A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court declines to issue a Certificate of Appealability.

## VI.  CONCLUSION

Based on the foregoing, IT IS ORDERED that Washington's Petition for Writ of Habeas Corpus [#1] is DENIED. IT IS FURTHER ORDERED that the Court declines to issue a Certificate of Appealability. IT IS FURTHER ORDERED that Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: January 31, 2025            /s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon the parties on January 31, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager